IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MAN-U SERVICE CONTRACT TRUST FUND<br>Suite A<br>7130 Columbia Gateway Drive<br>Columbia, MD 21406, | :<br>:<br>:<br>: |
| Plaintiff | : CIVIL ACTION |
| v. | : NO. |
| THE PRINCIPLE GROUP<br>(United States Holocaust Museum)<br>5550 Tuxedo Road – Suite D<br>Cheverly, MD   20781 | :<br>:<br>:<br>: |
| Defendant | : |

## COMPLAINT

1. This is an action brought pursuant to Section 301 of the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, and Sections 502 and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132 and 1145, as amended by the Multi-Employer Pension Plan Amendments Act of 1980 ("MEPPAA"), (1) to recover employer contributions owed to the plaintiff, the Man-U Service Contract Trust Fund ("Fund"), (2) for liquidated damages and interest and, (3) for costs and reasonable attorney's fees.

2. The Fund is a welfare fund jointly administered by the trustees representing various employers and local unions in the service contract industry, including, but not limited to Public Service Employees, Local No. 572, Laborers International Union of North America, AFL-CIO ("Union").   The purpose of the Fund is to provide health and welfare benefits for employees

employed by the participating employers pursuant to collective bargaining agreements between the employers and the unions. A number of the employees of the defendant, The Principle Group ("Employer"), are participants in and beneficiaries of the Fund. The Fund is established pursuant to an Agreement and Declaration of Trust ("Trust") in accordance with Section 302 of the Labor-Management Relations Act, as amended, 29 U.S.C. §186. A copy of the Agreement and Declaration of Trust is attached hereto as Exhibit A.

3. The Employer is a maintenance and building services contractor at United States Holocaust Museum with an office and place of business located at 5550 Tuxedo Road, Suite D, Cheverly, Maryland, 20781-1310. The Employer is engaged in an industry affecting commerce within the meaning of Section 301 of the Labor-Management Relations Act, as amended, 29 U.S.C. § 185. The Employer is also an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5).

4. The Employer is a signatory to a collective bargaining agreement ("Agreement") with the Union, and as such, is bound by the terms of the Agreement and Declaration of Trust. The Agreement covers employees employed by the Employer at the Holocaust Museum located in the District of Columbia. A copy of the Agreement is attached hereto as Exhibit B.

## JURISDICTION

5. This court has jurisdiction over this action pursuant to Section 301 of the LMRA, 29 U.S.C. §185, and Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

## COUNT 1 - LABOR MANAGEMENT RELATIONS ACT

6. Pursuant to the terms of the Agreement, the Employer is obligated to file timely contribution reports and to make timely payments to the Fund for contributions on behalf of the employees employed by the Employer and represented by the Union.

7. In addition, pursuant to the terms of the Agreement, the Employer is obligated to pay liquidated damages and interest in the event of untimely payments to the Fund.

8. At various times between January 1, 2016 and December 31, 2018, the Employer failed to make timely contributions in the correct amount as required by the Agreement in the amount of $59,815.11.

9. As a consequence of the untimely reports and payments and payments in the incorrect amounts, liquidated damages in the amount of $5,763.13 have been assessed by the Fund against the Employer.

10. In addition, interest in the amount of $3,556.71 has been assessed against the Employer.

11. In addition, the Fund is entitled to recover audit fees, counsel fees, and litigation costs, pursuant to Section 5 of the Fund's Agreement and Declaration of Trust (Exhibit A) and applicable law. (The plaintiff reserves the right to supplement the forgoing amounts when the full amounts, including liquidated damages and interest, have been determined).

WHEREFORE, the Fund requests that this court:

(a) order the Employer to comply with the terms of the collective bargaining agreement by submitting regular reports and making timely payments and contributions to the Fund in accordance with the terms of the collective bargaining agreement;

(b) order the Employer to provide all necessary books and records to the Fund's auditor so that a full and complete audit may be performed;

(c) order the entry of judgment in favor of the Fund and against the Employer in an amount not less than $69,134.95, plus the full amount of any additional contributions, liquidated damages, and interest determined to be owed;

(d) order the Employer to pay to the Fund the costs incurred by the Fund in prosecuting this suit, including the cost of an audit, reasonable attorney's fees, and litigation costs; and

(e) grant to the Fund such other and further relief as the court shall deem just and proper in order to require the Employer to fully comply with the terms of the Agreement.

## COUNT II - ERISA, AS AMENDED BY MEPPAA

12. The allegations of paragraphs 1 through 10 above are incorporated herein by reference as if set forth more fully at length.

13. This court has jurisdiction over this action pursuant to Section 502 of ERISA, 29 U.S.C. §1132, as amended by Section 306 of MEPPA, which adds Section 515 to ERISA.

14. The failure and refusal of the Employer to pay the contributions and other amounts due and owing to the Fund in accordance with the terms of the Agreement violates the provisions of ERISA, as amended by MEPPA.

WHEREFORE, the Fund requests that this court:

(a) order the Employer to comply with the terms of the collective bargaining agreement by submitting regular reports and making timely payments and contributions to the Fund in accordance with the terms of the collective bargaining agreement;

(b) order the Employer to provide all necessary books and records to the Fund's auditor so that a full and complete audit may be performed;

(c) order the entry of judgment in favor of the Fund and against the Employer in an amount not less than $69,134.95, plus the full amount of any additional contributions, liquidated damages, and interest determined to be owed;

(d) order the Employer to pay to the Fund the costs incurred by the Fund in prosecuting this suit, including the cost of an audit, reasonable attorney's fees, and litigation costs; and

(e) grant to the Fund such other and further relief as the court shall deem just and proper in order to require the Employer to fully comply with the terms of the Agreement.

Respectfully submitted,

ZWERDLING, PAUL, KAHN & WOLLY, P.C.

_/s/ Robert N. Paul_
ROBERT E. PAUL, ESQUIRE
MD Federal Bar No. 10239
Suite 712
1025 Connecticut Avenue, N.W.
Washington, DC 20036-5420
202-857-5000

Of Counsel:
Stephen C. Richman, Esquire
Markowitz & Richman
123 South Broad Street – Suite 2020
Philadelphia, PA 19109
215-875-3114

Attorneys for Plaintiff, MAN-U Service Contract Trust Fund